JAMES FORRESTAL, TRUSTEE, TRUST U/D JAMES FORRESTAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96297. Promulgated May 8, 1940.

*Harry J. Rudick, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

Murdock: The Commissioner determined a deficiency of $29,479.13 in income tax for the calendar year 1934. The facts have been stipulated and are found in accordance with the stipulation. The Commissioner, in determining the deficiency, increased the profit of the petitioner from the liquidation of the Beekman Corporation by $74,004.44. The sole issue for decision is the propriety of that adjustment.

James Forrestal incorporated the Beekman Corporation in December 1928. It was his personal holding corporation and issued all of its capital stock, consisting of 100 shares, to him. It was engaged in the business of buying and selling securities. Forrestal created a trust on May 1, 1929, which is the petitioner here. He transferred 30 shares of the capital stock of Beekman to the petitioner on June 6, 1932. Forrestal's basis for gain or loss on those shares at that time was $160,548.57. Forrestal, on December 19, 1932, transferred 4,760 shares of the common stock of Dillon, Read & Co. to Beekman as paid-in surplus. He had acquired those shares prior to 1929 at a total cost of $246,681.46. Beekman immediately sold the Dillon-Read shares for $1,190. Forrestal sold the remaining 70 shares of Beekman stock to the petitioner for $560,000 on April 15, 1934. The petitioner on December 11, 1934, being the owner of all of the stock of Beekman, dissolved that corporation and received all of its assets in liquidation. The total value of those assets at that time was $834,726.89. The petitioner reported on its return for 1934 a gain of $40,173.88 from the liquidation of Beekman, being the difference between $834,726.89, the amount received upon liquidation, and the sum of $560,000, the cost of 70 shares, and $234,553.01 representing its basis for gain on the 30 shares acquired from Forrestal as a gift. The Commissioner, in determining the deficiency, increased the gain to $114,178.32. The only difference between his computation of the gain and the petitioner's computation was that he used $160,548.57 as the petitioner's basis for gain on the 30 shares acquired by gift from Forrestal, the $160,-548.57 being Forrestal's basis for gain on those shares at the time he gave them to the petitioner.

The question for decision is whether the contribution which Forrestal made to the paid-in surplus of Beekman at a time when he owned only 70 shares of Beekman, served to increase the basis for gain or loss of another taxpayer, the petitioner, on the 30 shares of Beekman which it owned at that time. The Commissioner proposes to add the entire cost of Forrestal's Dillon-Read shares to Forrestal's basis for gain or loss on the 70 shares of Beekman which he owned. Regulations 86, art. 22 (a)–17. However, it does not follow, as the peti-

tioner argues, that any portion of the cost of the Dillon-Read shares should be added to the petitioner's basis for gain or loss on its 30 shares of Beekman stock. Forrestal could have contributed some of the Dillon-Read shares directly to the petitioner and the petitioner could have increased its basis on the Beekman shares in turn by contributing the Dillon-Read shares to Beekman. But that was not done. "Contributions to a corporation can not be held as a matter of law to be gifts to the shareholders because they may ultimately be beneficially affected." *Weeks* v. *White*, 77 Fed. (2d) 817.

The petitioner relies entirely upon the language of section 113 (a) (2) and (3) of the Revenue Act of 1934, providing that if property has been acquired by gift or by a transfer in trust after December 31, 1920, "the basis shall be the same as it would be in the hands of the donor." The Commissioner has used as the petitioner's basis for gain on the 30 shares of Beekman stock the same basis which those shares had in the hands of Forrestal at the time he transferred them to the petitioner. The petitioner argues that the words "would be" in the statute are a clear indication of an intention to give the donee or transferee a basis equal to the amount which "would be" the basis of the transferor at the time of the disposition by the transferee rather than the amount which *was* the basis of the transferor at the time he transferred them. This is a strange and strained construction. It involves the assumptions that the basis of the transferor might change after he had parted with the shares, that Congress had such a possibility in mind, and that Congress intended to provide therefor. We are unable to accept any of these assumptions. The possibility of changing a basis for property in the hands of any taxpayer would seem to terminate when that taxpayer disposes of the property. Suppose that Forrestal, instead of making a contribution to the paid-in surplus of Beekman on December 19, 1932, had received a distribution in partial liquidation of Beekman. Would it be argued that the distribution should be spread not only over the 70 shares which he owned but also over the 30 shares which he did not own, so that the petitioner's basis for gain or loss on the 30 shares which it owned would thereafter be reduced because of a distribution to Forrestal in which it did not share? Forrestal did not own the 30 shares when he made the contribution to the paid-in surplus of Beekman. His contribution in no way changed the basis for gain or loss on the 30 shares, and it is vacuous to speculate what effect his contribution to the paid-in surplus of Beekman would have had upon his basis for gain or loss on the 30 shares if he had still owned those shares at that time. The words "would be" have no particular significance in this case. There is no error in the determination of the Commissioner in this connection.

*Decision will be entered under Rule 50.*